UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES ROSS, JR.,

                Petitioner,

     v.

FDC SEATAC WARDEN,

                Respondent.

CASE NO. 2:21-cv-00925-MJP-JRC

ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. Because the petition is deficient, the Court orders him to amend it.

Petitioner alleges that he "was sentenced to 19 months of imprisonment [in the U.S. District Court for the District of Oregon] for a probation violation [ensuing from] not registering as a sex offender upon leaving a transitional housing facility in March 2020." *Id.* at 1. This Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244 (9th Cir. 1992) (collecting cases) (internal quotation marks omitted). Judicial records from PACER show that petitioner pleaded

ORDER - 1

guilty to one count of failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). Plea Agreement, *United States v. Ross, Jr.*, 3:20-cr-00299-IM (D. Or. Aug. 24, 2020), Dkt. 15. The plea agreement provided: "[T]here [was] a pending supervised release revocation matter arising from case 3:06-cr-00478[.] This plea agreement and the sentencing recommendation in it are intended to resolve both the Indictment and pending supervised release revocation matter." *Id.* at 1. The court imposed the negotiated sentence of 19 months imprisonment, "to be served concurrently with the sentence in . . . #3:06-CR-478-01-IM." *Ross, Jr.*, Judgment, 3:20-cr-00299-IM (D. Or. Nov. 30, 2020), Dkt. 23. In that prosecution, the court sentenced petitioner to 12 months' imprisonment "to run concurrent to the sentence imposed in 3:20-CR-00299-IM." *United States v. Ross et al.*, Judgment at 2, 3:06-cr-00478-IM (D. Or. Nov. 30, 2020).

In his petition here, petitioner alleges that he "left the halfway house [] due to his fear of catching the COVID-19 infection [when] an outbreak [was] declared at the facility." Dkt. 1 at 2. He also alleges that he was homeless and that his "presentence report contain[ed] this authenticated disclosure pursuant to the [probation officer's] certification." *Id.* On June 16, 2021, officials at petitioner's prison informed him that he would not receive a residential reentry center ("RRC") placement due to the "nature of his offense." *Id.* Petitioner alleges, without more, that his decision was unlawful and discriminatory. *See id.* at 2, 4. He also appears to allege that, because he was homeless, his conviction and revocation of supervised release were unlawful. *See id.* at 4. Petitioner alternatively cites § 2241, the Declaratory Judgment Act, and 18 U.S.C. § 3582 as the bases for his claims. *Id.* at 1.

Petitioner cannot raise his apparent challenge to the validity of his conviction under § 2241. Usually, a federal prisoner may challenge the legality of his confinement only by filing a motion to vacate under 28 U.S.C. § 2255. *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).

ORDER - 2

And the prisoner must file such a motion "in the sentencing court" (*Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008) (citation omitted)), which here is the District of Oregon. Similarly, petitioner must bring his challenge to his revocation of supervised release in the District of Oregon. *See Grady v. United States*, 929 F.2d 468, 470 (9th Cir. 1991).

Petitioner may be able to challenge the Federal Bureau of Prison ("BOP")'s failure to authorize a RRC placement under § 2241. *Cf. Sacora v. Thomas*, 628 F.3d 1059, 1061 (9th Cir. 2010). However, the § 2241 component of his petition is deficient.

"Petitions for habeas corpus [under § 2241] . . . must use or substantially follow this district's forms [for such actions]." Local Rule 100(a).

Here, petitioner did not use this District's § 2241 form. Furthermore, his petition does not substantially follow the form because it does provide all the information that the form requests, and is notably deficient regarding exhaustion (or not) of administrative remedies. *See* Dkt. 1 at 2; *see also United States v. Paige*, 369 F. Supp. 2d 1257, 1259 (D. Mont. 2005) ("It is well settled that federal prisoners must exhaust their federal administrative remedies prior to filing a habeas corpus petition under § 2241." (citations omitted)).

Petitioner's request for declaratory judgment is improper because he piggybacks it onto his request for habeas relief. "[T]he Declaratory Judgment Act may not be used as a substitute for habeas corpus . . . ." *Benson v. State Bd. of Parole & Prob.*, 384 F.2d 238, 240 (9th Cir. 1967) (citation and quotation marks omitted).

Petitioner has not explained how § 3582 would entitle him to relief. In any event, "any relief available under . . . § 3582 must be sought in Petitioner's criminal case" because the District of Oregon "would make any modification to a term of imprisonment under that section."

ORDER - 3

*Khouanmany v. Carvajal*, No. 20-CV-02858-LHK, 2021 WL 2186218, at *9 (N.D. Cal. May 28, 2021).

The Court declines petitioner's alternative request to transfer the petition to the District of Oregon under 28 U.S.C. § 1404 (or 28 U.S.C. § 1631). Dkt. at 4. His challenge to the BOP's denial of an RRC placement may be cognizable under § 2241 and involves the actions of BOP officials at FDC SeaTac. Venue would not lie in the District of Oregon for this challenge. *Sankara v. Barr*, No. 19-CV-06306-SI, 2020 WL 9395225, at *1 (N.D. Cal. Feb. 10, 2020). ("The district of confinement is the proper venue for a petition for writ of habeas corpus under 28 U.S.C. § 2241." (citations omitted)).

Regarding the § 2255 component of the petition, transfer to the District of Oregon would not be "in the interest of justice." *See* § 1404(a); § 1631. Petitioner's § 2255 challenges are, as currently pleaded, conclusory. Furthermore, the petition contains a purported § 2241 challenge to actions in this District; venue for this challenge would not lie there.

Accordingly, this Court **ORDERS** as follows:

1. Petitioner must file an amended petition that cures the above deficiencies by **September 29, 2021**.

2. The amended petition must be filed on this District's § 2241 form, legibly written or retyped in its entirety, and filled out completely. Furthermore, the amended petition must contain the same case number and not incorporate by reference any part of the petition. The amended petition will act as a complete substitute for the petition.

3. The amended petition must not incorporate by reference any argument or text from any other document, including any exhibit. However, petitioner may, if he wishes, submit any exhibit necessary to support the amended petition's allegations.

1	4.	If petitioner does not submit his amended petition by **September 29, 2021**, or otherwise fails to comply with this order, this Court **will dismiss this case or impose any appropriate sanction.**

The Clerk is directed to **SEND** petitioner the appropriate forms for filing a § 2241 action and a copy of this order.

Dated this 30th day of August, 2021.

J. Richard Creatura
Chief United States Magistrate Judge