1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10 CHARLES ROSS, JR.,

11                    Petitioner,

12        v.

13 FDC SEATAC WARDEN,

14                    Respondent.

CASE NO. 2:21-cv-00925-MJP-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  October 22, 2021

15

16        The District Court has referred this petition for a writ of habeas corpus to United States

17 Magistrate Judge J. Richard Creatura. This Court's authority for the referral is 28 U.S.C. §

18 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the

19 petition pursuant to 28 U.S.C. § 2241.

20        Because petitioner brought this action without paying the $5 filing fee or filing a motion

21 for leave to proceed *in forma pauperis* ("IFP"), this Court ordered him to do so by September 24,

22 2021. Likewise, because petitioner deficiently pleaded his petition, this Court ordered him to file

23 an amended petition by September 29, 2021. However, to date, petitioner has not complied with

24

these orders. So this case should be dismissed without prejudice for failure to prosecute and failure to comply with court orders.

## BACKGROUND AND DISCUSSION

On July 9, 2021, petitioner filed his petition. Dkt. 1. Petitioner did not pay the $5 filing fee or file an IFP motion. So the Clerk issued a notice of deficiency that instructed petitioner to pay the filing fee or submit an IFP motion by August 12, 2021. Dkt. 2. Petitioner did not correct this deficiency by the August 12, 2021 deadline. Therefore, on August 25, 2021, this Court issued an order directing petitioner to pay the filing fee or file an IFP motion by September 24, 2021. Dkt. 3. This Court cautioned petitioner that, if he failed to comply with this order, it would recommend dismissal of this case. *Id.* at 2. Furthermore, on August 30, 2021, because petitioner deficiently pleaded the petition, this Court ordered him to file an amended petition by September 29, 2021. Dkt. 4. This Court cautioned petitioner that, if he did not file an amended petition by this date, the case would be dismissed. *Id.* at 5.

To date, petitioner has not paid the $5 filing fee or filed a motion to proceed IFP or amended petition. Furthermore, petitioner has not filed a motion for extension of time or otherwise attempted to justify his failure to file comply with the orders at issue. Accordingly, this case should be dismissed for failure to prosecute and failure to comply with court orders.

## *IN FORMA PAUPERIS* ("IFP") STATUS ON APPEAL

Petitioner should not be granted IFP status for purposes of an appeal of this matter. IFP status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" *See* Fed. R. App. P. 24(a)(3)(A). "The good faith requirement is satisfied if the petitioner seeks review of any issue that is not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (citation and internal quotation

1   marks omitted). Generally, an issue is not frivolous if it has an "arguable basis either in law or in

2   facts." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because any appeal from this matter

3   would be frivolous, IFP status should not be granted for purposes of appeal.

4                                          **CONCLUSION**

5           As discussed above, it is recommended that this case be DISMISSED WITHOUT

6   PREJUDICE for failure to prosecute and failure to comply with court orders. It is further

7   recommended that this case be CLOSED.

8           Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

9   fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

10  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

11  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

12  objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

13  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule

14  72(b), the Clerk is directed to set the matter for consideration on **October 22, 2021** as noted in

15  the caption.

16          Dated this 4th day of October, 2021.

17

18

19                                                          _____

20                                                          J. Richard Creatura
                                                            Chief United States Magistrate Judge

21

22

23

24